ARTS AND HUMANITIES COUNCIL — GRANTS TO ARTISTS Title 53 O.S. 161 [53-161] (1971) et seq. prohibits the Oklahoma Arts and Humanities Council from using appropriated or nonappropriated public funds in making grants for the purpose of providing support to individual artists in study grants or fellowships, commissioned works, direct purchase, or cash awards. Title 53 O.S. 161 [53-161] (1971) et seq. does not permit or allow the Council to make grants to community or other organization. The Attorney General's office is in receipt of your opinion request wherein you ask, in effect, the following questions: 1. Can the Commission legally use public funds in providing financial support for individual artists where such support to individual artists could come under the following programs: study grants or fellowships, commissioned works, direct purchase or Cash Awards? 2. May the Commission provide grants to community or other organizations who would be involved in similar programs? 3. If a commissioning or purchasing type program is possible within Oklahoma law, we would appreciate your opinion as to the applicability of the state purchasing laws to these programs. The statutes creating the Oklahoma Arts and Humanities Council is contained in 53 O.S. 161 [53-161] (1971) et seq. Section 166 deals with the powers and duties of the council. Section 53 O.S. 166 [53-166] states: "The Council is empowered and directed to exercise these powers and duties: "(a) Consider the whole state of arts, humanities, cultural activities, and cultural heritage of Oklahoma. The purview of the Council shall not be limited but shall include music, theater, dance, opera, graphic arts, plastic arts, architecture, poetry, plays or any other art or literary form and any of the humanities regardless of period, school or type. Full attention shall also be given to art and literary festivals, art museums, live performances or concerts, art exhibits and other like endeavors. "(b) Survey the artistic, literary and cultural activities and facilities of the state, and the institutions, organizations or individuals engaged in these undertakings. "(c) Study information collected and prepare proposals for the study, practice and presentation of the arts, humanities and literature. "(d) Foster conferences, institutes and exhibits on the arts, humanities and literature and hold or cooperate in such ventures. "(e) Report biennially to the Governor and Legislature on or before January 31 of each odd numbered year. Reports shall include recommendations and suggestions for the expansion and improvement of the arts and humanities and for wider opportunity of participation in these activities by our citizens. "(f) Publish any reports, surveys, news bulletins or other materials pertaining to its findings, recommendations and work. "(g) Perform or engage in all else necessary or desirable to give full force and effect to the provisions of this act." The only section dealing with expenditures is contained in Section 53 O.S. 168 [53-168] of Title 53. Section 53 O.S. 168 [53-168] states: "Council may, within the limits of funds made available to it by appropriation or otherwise, make expenditures for its operation, and may also employ and fix the compensation of such personnel it shall deem essential to the discharge of its duties as provided by 74 O.S. 801 [74-801] through 839 (1961)." The above quoted sections are void of any authority whatsoever under which the Council is empowered to use public funds in participating in the above mentioned programs. Shaw v. Grumbine,137 Okl. 95, 278 P. 311 and Brown v. State Election Board,369 P.2d 140 set forth the applicable rule of statutory construction as follows: "Public officers have only such authority as is conferred upon them by law, and such authority must be exercised in the manner prescribed by law." In this respect, the Council is prohibited from providing public funds of the State for the above mentioned programs. Likewise, under the same case law authority, the Council is prohibited from providing grants to community or other organizations involved in similar programs. Further, because the Council is prohibited from entering into such programs, we need not reach the issue raised in your third question. It is, therefore, the opinion of the Attorney General that 53 O.S. 161 [53-161] (1971) et seq. prohibits the Oklahoma Arts and Humanities Council from using appropriated or nonappropriated public funds in making grants for the purpose of providing support to individual artists in study grants or fellowships, commissioned works, direct purchase, or cash awards. That question two be answered in the negative in that 53 O.S. 161 [53-161] (1971) et seq. does not permit or allow the Council to make grants to community or other organization. Because questions one and two are answered in the negative, there is no need to answer question three. (Donald B. Nevard)